**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DAVID COLE,** | ) |
| **46 Vienna Street** | ) |
| **San Francisco, CA  94112** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Case No. _____** |
| | ) |
| **DR. WALTER G. COPAN, in his official capacity** | ) |
| **as Director of the National Institute for Standards and** | ) |
| **Technology, AND THE NATIONAL** | ) |
| **INSTITUTE OF STANDARDS AND** | ) |
| **TECHNOLOGY** | ) |
| **100 Bureau Drive, Stop 1070** | ) |
| **Gaithersburg, MD 20899-1070** | ) |
| | ) |
| **Defendants.** | ) |

**COMPLAINT FOR INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to order the production of federal agency records including audio recordings of witness statements from First Responders and other government officials and related records concerning emergency responses on September 11, 2001 at the World Trade Center (WTC) in New York City. Defendants have improperly withheld these requested records from Plaintiff Cole.

2. This court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B).

3. Venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

4. Plaintiff, David Cole, a researcher and concerned citizen, is the requester of the records which Defendants are now withholding.

5. Plaintiff has requested this information for use in public education efforts on a matter of national importance.  Release of the requested records is in the public interest.

1

6. Defendant National Institute of Standards and Technology (NIST) is an agency of the United States. Defendant Dr. Walter G. Copan is Director of Defendant federal agency NIST. Defendants have possession and control of the records that Plaintiff Cole requested.

**COUNT I:   DEFENDANTS VIOLATED THE FOIA BY WITHOLDING AGENCY RECORDS ON THE BASIS OF A CLAIMED STATUTORY EXEMPTION THAT DOES NOT APPLY, ARBITRARILY AND CONTRARY TO LAW**

7. All of the foregoing paragraphs are incorporated herein by reference.

8. On November 2, 2011, Plaintiff Cole filed a FOIA request with NIST which requested the following records: "Audio recordings of interviews, and other records corresponding to footnote #'s 368 through 389 seen on pages 163 and 164." In his request Cole also stated "Please see PDF pages 163 and 164 of this report" and Cole attached the relevant pages of NIST's report, NIST NCSTAR 1-8 "Federal Building and Fire Safety Investigation of the World Trade Center Disaster – The Emergency Response Operations." On November 4, 2011, NIST acknowledged receipt of Cole's FOIA request and assigned it FOIA Log #12-028.

9. On November 30, 2011, NIST sent Cole correspondence stating that it was required to send the requested records to an unidentified "outside entity" for a release determination because NIST asserted it was not the "content owner" of the requested records.

10. On June 12, 2012, NIST provided a final response to Cole's FOIA request, announcing that it was withholding all but one of its responsive records on the stated basis that a statutory exemption applied. NIST asserted that:

> NIST is withholding eight (8) documents consisting of sixty-six (66) pages. These documents are currently exempt from disclosure under section (b)(3) of the FOIA, 5 U.S.C. § 552 (b)(3). Exemption (b)(3) permits an agency to withhold records in an agency's possession which are records that are "specifically exempted from disclosure by statute (other than 552 (b)), provided that such statute (A) requires that the matters be withheld from the public in such a manner

as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld."

The statute underlying the the (b)(3) exemption in this case is the National Construction Safety Team (NCST) Act, 15 U.S.C. § 7301 et seq. Section 12 of the NCST Act (15 U.S.C. § 7311) provides that it applies to the activities of NIST in response to the attacks of September 11, 2011. Section 7(c) of the NCST Act (15 U.S.C. § 7306(c)), exempts from disclosure, information received by NIST that is "voluntarily provided safety related information if that information is not directly related to the building failure being investigated and the Director finds that the disclosure of the information would inhibit the voluntary provision of that type of information." On January 26, 2010, the NIST Director determined that release of the withheld information might inhibit the voluntary provision of that type of information. Therefore, the information is exempt from disclosure under FOIA, and is being withheld in its entirety.

June 12, 2012 NIST Final Response Letter.

11. On June 20, 2012, Cole filed an administrative appeal of NIST's final determination denying him access to all but one of the requested records.

12. On June 21, 2012, NIST replied to Cole that his appeal document was incomplete because it had not included a copy of his original FOIA request.

13. On June 26, 2012, NIST acknowledged receipt of Cole's perfected administrative appeal.

14. On April 16, 2013, NIST issued its decision denying Cole's administrative appeal, continuing to rely on the asserted statutory exemption for withholding all but one of the requested records (with one exception noted *infra* in Count II regarding interview 1041704).

15.  The statutory exemption claimed by NIST as its basis for withholding (with the one exception noted *infra* regarding interview 1041704) all but one of the requested records is not applicable for a number of reasons including:

a. The records requested are references in Chapter 1-8 of NIST's report which deals with the subject matter of emergency response, not an investigation of a building failure (which is

addressed in other NIST documents). Therefore, the asserted statutory exemption of 15 U.S.C. § 7306(c) is not applicable.

b. On information and belief, based on reviews of other publicly available interviews of 9/11 First Responders, some if not all of the requested records, which are witness interviews, disclose or report observations of sounds, sights, or effects of explosions, which information would directly relate to the issue of the building failure (even if that were the topic of this NIST report), and therefore the asserted statutory exemption of 15 U.S.C. § 7306(c) is not applicable.

c. Because most if not all of the requested records are interviews provided by government employees including police and fire officials to State agency officials, the asserted statutory exemption of 15 U.S.C. § 7306(c) is not applicable.

d. Because most if not all of the requested records are interviews provided by government employees including police and fire officials who have a duty to disclose and report information they have regarding a crime such as the 9/11 attacks and resulting effects, the asserted statutory exemption of 15 U.S.C. § 7306(c), which applies only to "voluntary" disclosures is not applicable.

e. Even if the witness statements from the subject First Responders and other public officials had been "voluntarily provided," because these witnesses are police, fire, and other government officials with a duty to report information regarding crimes, it was arbitrary for Defendants to conclude that the release of these records would inhibit future disclosures from such sources.

16. Defendants have to date failed to produce to Plaintiff or allow Plaintiff access to the above referenced withheld requested records.

17. Plaintiff has a right of access to the requested information under 5 U.S.C. § 552(a)(3),

and there is no legal basis for Defendants' denial of such access.

**COUNT II:    DEFENDANTS VIOLATED THE FOIA BY WITHOLDING AGENCY RECORDS ON THE BASIS OF A CLAIMED PRIVACY EXEMPTION THAT DOES NOT APPLY, ARBITRARILY AND CONTRARY TO LAW, AND BY USE OF UNLAWFUL PROCEDURE**

18. All of the foregoing paragraphs are incorporated herein by reference.

19. In NIST's April 16, 2013 decision denying Cole's appeal, NIST disclosed for the first time that one responsive record, interview 1041704, had been omitted by "oversight" in the Agency's June 12, 2012 final response to Cole's FOIA request and a decision had not been made at that time by the Director of NIST as to the release or withholding of that record.

20. However, NIST proceeded in its April 16, 2013 decision denying Cole's appeal to explain why that document should not be released and why it was denying an appeal by Cole regarding that document even though Cole had never had an opportunity to respond to any Agency articulated reason for withholding it and had not ever had the opportunity to file an appeal of such withholding.

21. NIST withheld this specific record without a formal decision to do so by the Director, and without notice to Cole in a final response that this document was being withheld or the rationale for such withholding, and then denied Cole's anticipated appeal of such withholding even though Cole had no opportunity to file such an appeal or to articulate his reasons why such withholding was unjustified.

22. Thus, Defendants denied Cole's FOIA request in regard to this specific record, interview 1041704, using an unlawful procedure.

23. In addition to the use of the above referenced unlawful procedure by Defendants in

denying Cole access to requested record interview 1041704, Defendants, in NIST's decision denying Cole's appeal (which was never allowed to be made regarding this specific record), asserted a privacy exemption as a belatedly asserted justification for withholding this interview 1041704.

24. On information and belief, based on a determination of the date of this interview (believed to be included in the record name, i.e. 041704) and other records available to Plaintiff Cole, this interview is likely an interview of a public official who witnessed sights, sounds, and/or effects of explosions on 9/11 at the WTC.

25. Because this witness is a government official who would have no reasonable expectation of privacy in regard to what he witnessed in regard to a crime such as the attacks of 9/11, and because the information he likely disclosed includes the occurrence of explosions at the WTC on 9/11, a matter of great public importance, the balance of privacy interests versus the public interest in disclosure would weigh heavily in favor of disclosure and NIST's decision to the contrary was arbitrary and contrary to law.

26. Further, because NIST has seen fit to keep this record secret from the public, the disclosure of this record would be helpful in understanding the workings of the government, including in this case decisions by government officials to withhold from the public evidence of explosions at the WTC on 9/11.

27. Defendants have yet to produce copies of this requested record to Plaintiff or otherwise provide Plaintiff access to this requested record.

28. Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), because of Defendants' failure to comply with the applicable time limit provisions of 5 U.S.C. § 552(a)(6), Plaintiff is deemed to have exhausted his administrative remedies in regard to his FOIA request for this record.

29. Plaintiff has a right of access to the requested information under 5 U.S.C. § 552(a)(3), and there is no legal basis for Defendants' denial of such access.

WHEREFORE, Plaintiff requests this Court to:

(1) Order Defendants to provide Plaintiff access to all records responsive to Plaintiff's FOIA request;

(2) Order the prompt production of a *Vaughn* index for any records the Defendants believe should be withheld;

(3) Award to Plaintiff Cole, against Defendants, Plaintiff's costs and reasonable attorneys' fees in this action, as provided in 5 U.S.C. § 552(a)(4)(E); and

(4) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/John M. Clifford
John M. Clifford, #191866
Clifford & Garde, LLP
1850 M St., NW, Suite 1060
Washington, D.C. 20036
Tel. 202.280.6115
E-mail: jclifford@cliffordgarde.com

Mick G. Harrison, Esq.
Pennsylvania Bar No. 65002
U.S. Ct. of Appeals for the Dist. of Columbia Cir. #55038
(Of counsel, application for admission pending)
520 S. Walnut Street, #1147
Bloomington, IN  47402
Phone: 812-361-6220
Fax: 812-233-3135
E-mail: mickharrisonesq@gmail.com

Counsel for Plaintiff

Dated: April 16, 2019